IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OWNERS INSURANCE COMPANY, )

    **PLAINTIFF,**                  )

VS.                                        )                2:13-cv-882-JHH

MICHAEL D. McDANIEL, et. al.,    )

    **DEFENDANT.**             )

### MEMORANDUM OPINION

The court has before it Cross Claim Plaintiff's Motion (Doc. #47) for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure filed on December 19, 2013. Pursuant to the court's orders of December 30, 2013 (Doc. #49) and January 27, 2014 (Doc. #55), the Motion (Doc. #47) has been fully briefed (*see* Docs. #47-1, 60) and is properly before the court for review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met her burden, Rule 56(e)

requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The facts as pertinent to the pending Motion (Doc. #47) are brief and undisputed. On May 10, 2013, Plaintiff Owners Insurance Company, a wholly-owned subsidiary of Auto-Owners Insurance Company, filed a Complaint in Interpleader in this court to determine the relative priority of liens. (*See* Doc. #1). The funds subject to the Interpleader[1] are insurance proceeds in the amount of Fifty Thousand Dollars ($50,000.00) arising from a fire casualty loss to a building owned by the decedent, Michael McDaniel, located at 2037 Old Sylacauga Highway, Sylacauga, Alabama.

Cross Claim Plaintiff Southern States Bank presents to the court a recorded note and security agreement (*see* Doc. #47, Exh. A) on the subject property, filed September 24, 2007, with a current balance owed of Twenty Four Thousand Nine Hundred Forty Eight Dollars and 16/100 ($24,948.16) as of December 19, 2013. (*See* Doc. #47-1 at 1-2). As such, Southern States Bank holds a first-priority lien over judgment liens and tax liens based on Alabama's recording statute, Alabama Code §35-4-90(a):

> All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are

---

[1] On February 10, 2014, the court entered an order dismissing Plaintiff Owners Insuarnce Company ("Owners") from this case. (*See* Doc. #59). Owners has paid into the court its policy limits of $50,000. (*See* Doc. #58).

> inoperative and void as to purchasers for valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or jugdment creditors.

*See also In re Hass*, 31 F.3d 1081 (11th Cir. 1994) ("The filing requirement is critical: even a holder of a security interest who has actual knowledge of an unfiled tax lien will prevail over the government."). No party argues that Southern States Bank lacks the first-priority lien over the $50,000. (*See* Doc. #60 at 1-2) ("The Bank claims a first-priority lien of approximately $25,000 against the interpleaded funds. The United States does not dispute that claim . . .").

The Cross Claim Plaintiff's Motion (Doc. #47) for Summary Judgment is due to be granted in its entirety because Southern States Bank has a superior lien to all other claimants for the balance of the mortgage note in the amount of Twenty Four Thousand Eight Hundred Forty-four Dollars and 43/100 ($24,844.43) plus interest in a per diem rate of Four Dollars and 51/100 ($4.51). A separate order will be entered.

**DONE** this the  7th  day of April, 2014.

/s/ James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE