FILED
2014 Apr-09  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

OWNERS INSURANCE COMPANY, )

     PLAINTIFF,           )

VS.                    )       2:13-cv-882-JHH

MICHAEL D. McDANIEL, et. al.,   )

     DEFENDANT.         )

## MEMORANDUM OPINION

The court has before it the Cross Motion (Doc. #60) for Summary Judgment filed by the United States of America on February 26, 2014. Pursuant to the court's order of February 27, 2014 (Doc. #61), the Motion (Doc. #60) is properly before the court for review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met her burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits,

or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *See id.* at 324.

Certain background facts as pertinent to the pending Motion (Doc. #60) have been outlined by the court in the Memorandum Opinion (Doc. #62) of April 7, 2014. On May 10, 2013, Plaintiff Owners Insurance Company, a wholly-owned subsidiary of Auto-Owners Insurance Company, filed a Complaint in Interpleader in this court to determine the relative priority of liens.  (*See* Doc. #1).  The funds subject to the Interpleader[1] are insurance proceeds in the amount of Fifty Thousand Dollars ($50,000.00) arising from a fire casualty loss to a building owned by the decedent, Michael McDaniel, located at 2037 Old Sylacauga Highway, Sylacauga, Alabama.

Cross Claim Plaintiff Southern States Bank holds a first-priority lien over judgment liens and tax liens based on Alabama's recording statute.  (*See generally* Doc. #62).  Southern States Bank has been awarded Twenty Four Thousand Eight Hundred Forty-four Dollars and 43/100 ($24,844.43) plus interest in a per diem rate of Four Dollars and 51/100 ($4.51) in accordance with that superior lien.  (*See* Docs. #62, 63).  The United States of America asserts that it is entitled to the remaining interpleaded funds based on its tax liens filed against Michael D. McDaniel.  (Doc.

---

[1]  On February 10, 2014, the court entered an order dismissing Plaintiff Owners Insuarnce Company ("Owners") from this case.  (*See* Doc. #59).  Owners has paid into the court its policy limits of $50,000.  (*See* Doc. #58).

#60 at 1-2).  As grounds therefor, the United States of America presents the following

undisputed facts:

- On December 29, 2008, a delegate of the Secretary of the Treasury assesed federal income tax delinquencies, penalties, and interest against McDaniel for taxable years 2002, 2004, and 2005.  Additional income tax assessments were made against McDaniel for the 2008, 2009, and 2010 tax years in October and November 2011.  As of February 25, 2014, McDaniel owed $46,895.83 on account of those liabilities.  (Doc. #60, ¶ 1).

- The IRS filed a notice of federal tax lien against McDaniel in Talladega County, Alabama, his county of residence, on February 25, 2011 for tax years 2002, 2004, 2005, and 2006, reflecting a balance due as of the date of filing of $211,610.23, and a notice of federal tax lien in the same county on August 28, 2012 for tax years 2008, 2009, and 2010, reflecting a balance due as of the date of filing totaling $41,531.59. (Doc. #60, ¶ 2).

- The Internal Revenue Service served a notice of levy upon Owners Insurance Company on April 4, 2013, seeking transfer of insurance proceeds totaling $45,699.06 in satisfaction of McDaniel's federal income tax liabilities.  (Doc. #60, ¶ 3).

The court finds that the federal tax liens that attached to McDaniel's interest in the interpleaded funds first arose in December 2008 (with respect to his liabilities for tax years 2002, 2004, and 2005). Additional tax liens for tax years 2008 through 2010 arose in the fall of 2011. The priority of a federal tax lien is determined by federal law, in general embodying the common law principle of "the first in time is the first in right." *United States v. McDermott*, 507 U.S. 447, 449 (1993). This rule is modified by section 6323(a) of the Internal Revenue Code, which provides that a federal tax lien shall not be valid against purchasers, holders of a security interest, mechanics lienors, and judgment lien creditors until a notice of the tax lien is filed in the manner required by section 6323(f). However, section 6323 is not implicated in this case because the only competing lienholder is the Alabama Department of Revenue. Since the Department of Revenue is not a purchaser, judgment lien holder, or holder of a security interest, the priority of its lien vis-a-vis the federal tax liens at issue is governed by the common law rule. *United States v. Vermont*, 377 U.S. 351, 359 (1964). Therefore, the essential question in this case is simply when each lien arose because "first in time, first in right." *McDermott*, 507 U.S. at 449.

Because Southern States Bank has been determined to have a superior lien as to all other claimants for the interpleaded sum (Docs. #62, 63), the United States is next in line for the insurance proceeds at issue. A separate order will be entered

granting the Cross Motion (Doc. #60) for Summary Judgment by the United States

awarding the remainder of the interpleaded sum to the United States.

     **DONE** this the  9th  day of April, 2014.

_____
          SENIOR UNITED STATES DISTRICT JUDGE